IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARRYL ALPHONSO BLANCHARD    *

       Plaintiff               *

           v.                 *    CIVIL ACTION NO. L-11-541

STATE OF MARYLAND            *
PRINCE GEORGE'S COUNTY STATE'S
   ATTORNEY'S OFFICE           *
DETECTIVE WAYNE MARTIN
OFFICER O'DONNELL           *
SGT. DANIEL WELSHAROR
PRINCE GEORGE'S COUNTY POLICE    *
   DEPT.
                           *
         Defendants
                           ***

## **MEMORANDUM**

On February 28, 2011, the Court received for filing this 42 U.S.C. § 1983 civil rights action.

Plaintiff, who is currently confined in the Maryland Division of Correction at the Western

Correctional Institution, complains about the chain of custody of evidence (9-millimeter gun casings

and bullet fragments) located at the scene of a May 23, 2004 shooting in Palmer Park, Maryland.

Plaintiff claims that due to the mishandling of evidence and falsification of chain of custody records,

he was deprived of due process of law and a fair trial. He seeks $1,500,000.00 in damages for lost

wages and pain and suffering. ECF No. 1. Because he appears indigent, Plaintiff's Motion to

Proceed In Forma Pauperis shall be granted.

The four corners of the Complaint show that Plaintiff remains confined and complains about

the fairness of his criminal trial due to alleged evidentiary issues. The Maryland state court docket

shows that on July 2, 2004 a warrant was issued in the name of Darryl Alphonso Blanchard by the

District Court for Prince George's County in relation to a May 23, 2004 incident involving counts of

attempted first-degree murder, first- and second-degree assault, and use of handgun in a crime of violence.  See State v. Blanchard, Case Number 2E00241957.  On September 24, 2004, the matter was transferred to the Circuit Court for Prince George's County.  See State v. Blanchard, Case Number CT041513B.  Plaintiff was tried twice and convicted of attempted second-degree murder, first- and second-degree assault, reckless endangerment, conspiracy to commit a first-degree assault, and two handgun counts.[1]  He remains confined on his convictions.

Plaintiff's claims are inextricably interwoven with the constitutionality of his criminal charges and conviction.  Consequently, this § 1983 Complaint for damages shall be summarily dismissed without prejudice.  See Heck v. Humphrey, 512 U.S. 477 (1994).

Under Heck, a § 1983 claimant cannot recover damages for alleged unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless he first proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to  28 U.S.C. § 2254.[2]  See Heck, 512 U.S. at 486-7.

Here, Plaintiff's self-represented damage claims directly relate to the constitutionality of his state convictions and success in this civil rights action would vitiate the legality of that conviction. Thus, his civil rights claims may not proceed at this time under Heck.

---

[1]     Information on both criminal cases may be obtained from the Maryland Judiciary Case Search website located at http://casesearch.courts.state.md/us/inquiry/inquirySearch.jis.

[2]     Section 1983 relief does, however, remain available where success in the civil rights suit would not necessarily invalidate the legality of (not previously invalidated) state confinement.  See Wilkinson v. Dotson, 544 U.S. 74, 80-81 (2005) (Heck inapplicable to constitutional 42 U.S.C. § 1983 challenges to state parole procedures, as success does not mean immediate release and does not lay "at the core of habeas corpus."); Young v. Nickols, 413 F.3d 416, 418-19 (4th Cir. 2005) (prisoner's 42 U.S.C. § 1983 damage claim for illegal extradition does not imply that his criminal judgment is invalid).

For the aforementioned reasons, this action shall be dismissed without prejudice.  A separate

Order follows.

March 7, 2011                                                    /s/

                                                    _____

                                                    Benson Everett Legg
                                                    United States District Judge